**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-20382
Summary Calendar

WILLIAM N. ARMSTRONG; ROBERT E. ARMSTRONG,

Plaintiffs-Appellants,

versus

CHESAPEAKE OPERATING, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-1202)

January 7, 1999

Before POLITZ, Chief Judge, DAVIS and JONES, Circuit Judges.

POLITZ, Chief Judge:[*]

William and Robert Armstrong appeal an adverse summary judgment in favor of Chesapeake Operating, Inc. For the reasons assigned, we affirm.

**BACKGROUND**

The dispute between the parties centers around the ownership of mineral interests in a tract of land in Grimes County, Texas. In the early 1970s, the Armstrongs inherited a mineral interest in the tract from their mother, Mildred

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Norwood Armstrong.  In 1993 Chesapeake Operating, Inc. acquired oil, gas and mineral leases covering an undivided interest in the tract.  In its efforts to confirm the lessors' ownership of the mineral interests, Chesapeake discovered that in 1893 that the tract had been conveyed to the Mineral Springs Mining and Development Company, a Texas corporation whose charter expired in 1943.  In light of this information, Chesapeake was unable to confirm the ownership interest of its lessors, precipitating its filing of a receivership action in Grimes County.[1]  In that receivership, Chesapeake named the original shareholders of Mineral Springs,[2] the grantees in other recorded conveyances by which shareholders had conveyed their interests in the tract, and the heirs of the same.  The district court, finding that plaintiffs had made a diligent but unsuccessful effort to locate defendants, appointed a receiver who subsequently executed an oil, gas and mineral lease on the tract in favor of Chesapeake.

Concerned that the receivership did not cover all potential owners of the tract, Chesapeake filed a second action in Grimes County, seeking appointment of a receiver for all unknown owners and shareholders of Mineral Springs.  A receiver was appointed and a second lease in favor of Chesapeake was executed.  Pursuant to the authority of the receivership orders and the leases, Chesapeake drilled a well in Mineral Springs and deposited the royalties received into an escrow account

---

[1]The Texas Mineral Receivership Statute, Tex. Civ. Prac. & Rem. Code Ann. § 64.091(b) (Vernon 1997), permits a state district court to appoint a receiver for the mineral interest or leasehold interest under a mineral lease owned by a nonresident or absent defendant.

[2]Mildred Norwood Armstrong was included in this group.

2

awaiting determination of the successors to Mineral Springs.

In April 1996 the Armstrongs moved for a new trial in the consolidated receivership action. Contending that they did not receive notice of the receivership action due to Chesapeake's lack of diligence, they sought to set aside any previous order against them, the leases, and other business transacted by the receivers. The court found Chesapeake had exercised reasonable diligence and had satisfied the statutory requirements for an oil and gas lease from a receiver. It further found that the Armstrongs had no standing to bring their motion. The Armstrongs' subsequent appeal was dismissed for failure to perfect an appeal within the time prescribed by law.

The Armstrongs then filed the instant action in state court in Grimes County, alleging that they were co-tenants with Chesapeake in the tract's oil and gas estate and, as such, sought an accounting from Chesapeake for all revenues received from the tract. The action was removed to federal court and the court granted Chesapeake's motion for summary judgment, holding that the Armstrongs were collaterally estopped from bringing the suit. This appeal timely followed.

## ANALYSIS

We review *de novo* the district court's grant of summary judgment.[3] Summary judgment is appropriate if the pleadings, depositions, and other evidence, together with the affidavits, show that there is no genuine issue as to any material

---

[3]**Gardes Directional Drilling v. U.S. Turnkey Exploration Co.**, 98 F.3d 860 (5th Cir. 1996).

3

fact and that the moving party is entitled to a judgment as a matter of law.[4]

The Armstrongs contend on appeal that the district court erred in holding that their interest was covered by one or both receivership leases which thus collaterally estopped them from bringing suit challenging the receiverships. Our review of the record and the applicable law, however, persuades that the district court was correct. Under Texas law, an order appointing a receiver may not be collaterally attacked.[5] The Armstrongs, as heirs of Mildred Norwood Armstrong, were included in the first receivership. All of the defendants in the first receivership are unknown owners and shareholders of Mineral Springs and thus included in the second receivership. The Grimes County court found that Chesapeake had exercised the requisite diligence in seeking to identify the owners of the mineral interest under the relevant Texas statute,[6] and the Armstrongs' challenge to this finding failed. We must therefore conclude that the district court correctly found that the Armstrongs' action represents an impermissible collateral attack.

The Armstrongs also contend that they cannot be bound by the receivership proceedings because the Grimes County court held that they had no standing to bring suit in the receivership action. We do not agree. As the district court noted, the Grimes County court did not give reasons for its holding. Our review of the

---

[4]Fed.R.Civ.P. 56(c).

[5]**Helton v. Kimbell**, 621 S.W.2d 675 (Tex. Civ. App. – Fort Worth 1981, no writ); **Johnson v. Barnwell Prod. Co.**, 391 S.W.2d 776 (Tex. Civ. App. – Texarkana 1965, writ ref'd n.r.e.).

[6]The Texas Mineral Receivership Statute, Tex. Civ. Prac. & Rem. Code Ann. § 64.091 (Vernon 1997).

4

record and controlling precedents persuades that this determination most likely was based on the Armstrongs' failure to file a timely motion to vacate the first and second receivership orders.[7] Further, in attempting to appeal the order overruling their motion for a new trial, the Armstrongs necessarily maintained that they had standing to bring suit. They cannot now contend that they lack standing in the present action.

The judgment appealed is AFFIRMED.

---

[7]**Scalfani v. Scalfani**, 870 S.W.2d 608 (Tex. App. – Houston [1st Dist.] 1993, writ denied) (holding that there is a twenty-day time period for motions to vacate receivership orders). The Armstrongs failed to file the requisite motions to vacate within the time period prescribed for each receivership order.